IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RUBY SCOTT**                                                                                                  **PLAINTIFF**

**V.**                                                         **NO. 4:23-CV-33-DMB-JMV**

**WALMART STORES EAST, LP;**
**and JOHN DOES 1–10**                                                                               **DEFENDANTS**

**OPINION AND ORDER**

After she tripped and fell at a Walmart store, Ruby Scott sued Walmart alleging premises liability and negligence under the non-delegable duty doctrine. Walmart moves for summary judgment on Scott's premises liability claim. Because there is insufficient evidence to support Scott's premises liability claim, Walmart's motion will be granted.

**I**
**Relevant Procedural History**

On January 27, 2023, Ruby Scott filed a complaint in the Circuit Court of Bolivar County, Mississippi, against Walmart Stores East, LP, and John Does 1–10, asserting a premises liability claim and a negligence claim under the non-delegable duty doctrine based on allegations that she "tripped over a protruding metal rod coming out of the shelf" at a Walmart store in Cleveland, Mississippi, "which caused [her] to fall to the ground [and] … sustain injuries." Doc. #2 at 2, 3–4. Asserting diversity jurisdiction, Walmart removed the case to the United States District Court for the Northern District of Mississippi on February 13, 2023. Doc. #1. Walmart answered the complaint the next day. Doc. #4.

On January 18, 2024, Walmart moved for summary judgment only on Scott's premises liability claim. Doc. #30 at 1, 2. The motion for summary judgment is fully briefed. Docs. #31, #35, #37.

## II
## Standard

A court shall enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' while a dispute about that fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party."). "'All reasonable inferences' must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in that party's favor. At the same time, a party cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quoting *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

When the movant would not bear the burden of persuasion at trial, the movant may satisfy the initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, LLC*, 915 F.3d 987, 997 (5th Cir. 2019) (quoting *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)). If the moving party bears this initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up). When "a defendant properly moves for summary judgment, the non-movant plaintiff must bring forward sufficient evidence to demonstrate that a genuine issue

of material fact exists on every element of a claim." *Aguillard v. La. Coll.*, 824 F. App'x 248, 250 (5th Cir. 2020) (quoting *Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n.*, 274 F.3d 924, 928 (5th Cir. 2001)).

## III
## Factual Background

On April 18, 2021, Ruby Scott and her husband went to a Walmart store in Cleveland, Mississippi, to refill a prescription. Doc. #30-2 at 14–15. While Scott waited for the prescription, she walked to the beauty department of the store to pick up soap. *Id.* at 15. When her husband indicated he did not want the kind of soap she picked out, Scott went to return the soap to the shelf. *Id.* As she was putting the soap back on the shelf, Scott tripped over a rod on the floor. *Id.* Though both Scott and her husband tried unsuccessfully to break her fall, Scott ultimately fell and hurt her shoulder and her wrist. *Id.*

Several Walmart employees surrounded Scott, and Walmart's manager Reginald Champion[1] called the paramedic. *Id.* at 15–16. After the paramedic arrived and helped Scott up, Champion pulled the rod from underneath Scott's leg and asked, "What is this doing there?" Doc. #30-2 at 16, 27. Scott was then taken to Bolivar Medical Center. *Id.* at 16.

## IV
## Analysis

"Premises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's [sic] premises as a result of conditions or activities on the land." *Thomas*

---

[1] Scott identifies the person who called the paramedic as the "manager." Doc. #30-2 at 15–16. The incident report contains a witness statement by Walmart employee Mary Johnson that identifies "Reginald" as the manager. Doc. #30-1 at PageID 120–21. And in his affidavit, Reginald Champion attests that he was the "manager on duty on April 18, 2021." Doc. #30-3 at 1.

*v. Boyd Biloxi LLC*, 360 So. 3d 204, 213 (Miss. 2023) (cleaned up).[2] To analyze a premises liability claim, Mississippi courts (1) "classify the status of the person as an invitee, licensee, or trespasser;" (2) "assess, based on the injured party's status, the duty owed to the injured party;" and (3) "determine whether the landowner breached his duty to the injured party." *McConnell v. Hogan*, 269 So. 3d 180, 182 (Miss. Ct. App. 2018).

> For [an invitee] to recover in a slip-and-fall case, he must show one of the following: (1) a negligent act by the defendant caused the plaintiff's injury; (2) the defendant had actual knowledge of a dangerous condition; or (3) a dangerous condition existed for a sufficient amount of time to establish constructive knowledge of a dangerous condition.

*Elston v. Circus Circus Miss., Inc.*, 908 So. 2d 771, 773 (Miss. Ct. App. 2005) (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)).

The parties do not dispute that Scott was an invitee.[3] However, Walmart, classifying the rod's placement as an "allegedly dangerous condition,"[4] argues Scott cannot satisfy any of the three criteria for establishing premises liability. Doc. #31 at 7–12. Scott, describing the rod as a "broken endcap snap rail" and "dangerous condition,"[5] does not challenge Walmart's argument that she cannot establish actual knowledge[6] but responds that there are genuine issues of material fact regarding Walmart's constructive notice of the rod and whether the rod's placement was traceable to Walmart's negligence. Doc. #35 at 8–9. Walmart replies that summary judgment should be granted because Scott did not offer evidence beyond the exhibits it submitted and

---

[2] "In diversity cases, 'federal courts must apply state substantive law.'" *Henley v. Biloxi H.M.A., LLC*, 48 F.4th 350, 353 (5th Cir. 2022) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007)). The parties' briefs cite Mississippi law in support of their arguments. *See generally* Docs. #31, #35.

[3] *See* Doc. #31 at 6 (describing Scott as an invitee); Doc. #35 at 6 ("there is no dispute that … Scott was a business invitee").

[4] Doc. #31 at 9.

[5] Doc. #35 at 9.

[6] Scott does not argue that actual knowledge existed or otherwise address Walmart's arguments regarding actual knowledge. *See generally* Doc. #35.

4

because Scott's arguments that genuine issues of material fact exist are based on "pure speculation." Doc. #37 at 1, 2, 3.

### A. Negligent Act?

Under Mississippi law, a business owner "owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care." *Hearn v. Square Prop. Invs., Inc.*, 297 So. 3d 292, 295 (Miss. Ct. App. 2020) (quoting *Coll v. Wal-Mart Stores East L.P.*, 232 So. 3d 748, 751 (Miss. Ct. App. 2017)). An invitee establishes premises liability under the negligent act theory where she presents evidence that a breach of the business owner's duty caused her injuries. *Magers v. Diamondhead Resort, LLC*, 224 So. 3d 106, 109 (Miss. Ct. App. 2016).

Citing Champion's affidavit, Walmart argues "[t]here is no testimony or other evidence demonstrating that any Associate of Wal-Mart dislodged the rod or left it on the floor;" and based on Scott's deposition testimony, Scott is unable to explain why she did not see the rod before she tripped and "has no knowledge as to how the metal rod came to be on the floor or who caused that allegedly dangerous condition." Doc. #31 at 4, 9.

Scott responds that Champion's reaction when he pulled the rod from underneath her "speaks to negligence and to the fact that the [rod] was not located where it should have been;" and if Walmart's employees had "exercised reasonable care and conducted routine inspections and safety sweeps, [the rod] would have … been seen, even if it was only present for a short amount of time." Doc. #35 at 7. Scott also argues her deposition contains her testimony that she did not

see the rod before she tripped because she was looking at the shelf rather than at the ground.[7] *Id.* Regarding the statements in Champion's affidavit, Scott argues they should not be accepted as undisputed facts because they are statements about what other employees did or knew, which Champion "cannot speak to." *Id.* at 8.

Walmart replies that Scott's deposition testimony does not create a genuine issue as to whether Walmart's negligence caused the rod to be out of place because there is no evidence of how long the rod was on the floor prior to her fall, and business owners do not have an affirmative duty to inspect the premises. Doc. #37 at 2.

Walmart's duty to keep the premises reasonably safe includes a duty to inspect the premises. *See Jones v. Imperial Palace of Miss., LLC*, 147 So. 3d 318, 321 (Miss. 2014) ("Within a premises owner's duty to keep the premises reasonably safe is included a duty to conduct reasonable inspections."). To establish that Walmart breached this duty, Scott must present evidence of the length of time the rod was out of place. *See id.* at 322 ("The issue of reasonable inspections becomes important where evidence of the duration of the hazard has been produced."). Because Scott has presented no evidence of the length of time the rod was out of place, she fails to meet her burden to establish a negligent act by Walmart based on failure to inspect the premises. *See id.* (plaintiff must present "temporal evidence" to show reasonable inspection would have revealed dangerous condition).

Although Scott also argues summary judgment should be denied because Walmart has not presented undisputed facts that its negligence did not cause the rod to be out of place, Walmart satisfied its initial summary judgment burden "by pointing out that the record contains no support"

---

[7] Scott further argues that the facts surrounding why she did not see the rod prior to her fall is relevant to comparative negligence, not to whether Walmart's negligence caused the rod to be out of place. *Id.* at 8.

for Scott's negligence claim. *Wease*, 915 F.3d at 997 (quoting *Stahl*, 283 F.3d at 263). The burden then shifted to Scott to produce sufficient evidence to support a genuine issue on every element of her premises liability claim. *Aguillard*, 824 F. App'x at 250. The only evidence Scott offers to demonstrate Walmart's negligence is Champion's statement, "what is this doing there?"[8] Doc. #35 at 7. However, Champion's statement when moving the rod from underneath Scott is not sufficient to create a genuine issue under the negligent act theory because it does not show a Walmart employee's act or omission caused the rod to be out of place. *See Bonner v. Imperial Palace of Miss., LLC*, 117 So. 3d 678, 686 (Miss. Ct. App. 2013) (no premises liability claim based on negligent act theory where plaintiff failed to offer proof hazardous condition was created by negligent act or omission of owner); *see also Edwards v. Belk Dep't Stores LP*, No. 2:19-cv-25, 2020 WL 3259540, at *7 (S.D. Miss. June 16, 2020) (premises liability claim based on negligent act theory fails when plaintiff presents no evidence owner caused hazardous condition). Because Scott has not produced evidence demonstrating that a negligent act or omission by Walmart caused the rod to be out of place, her premises liability claim fails under the negligent act theory. *See Hearn*, 297 So. 3d at 295–96 (where nothing in record indicates owner's negligence caused plaintiff's injury, premises liability claim based on negligent act fails).

### B. Constructive Knowledge?

"[C]onstructive knowledge … 'is present where, based on the length of time that the condition existed, the operator exercising reasonable care should have known of its presence.'" *Peters v. Fred's Stores of Tenn., Inc.*, 760 F. App'x 341, 345 (5th Cir. 2019) (quoting *Drennan v.*

---

[8] Scott quotes her deposition testimony as evidence of Champion's statement. Doc. #35 at 7 (quoting Doc. #30-2 at 27). Neither party argues the admissibility or inadmissibility of the statement. *See generally* Docs. #31, #35, #37; *Miller v. Michael's Stores, Inc.*, No. 23-30393, 2024 WL 1461358, at *4 (Apr. 4, 2024) ("Hearsay is not competent summary judgment evidence, unless its proponent can show that the statement can be presented in an admissible form at trial.") (internal citations omitted).

*Kroger Co.*, 672 So. 2d. 1168, 1170 (Miss. 1996)). The plaintiff "must produce admissible evidence of the length of time that the hazard existed, and the court will indulge no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period." *Cotton v. Fred's Stores of Tenn., Inc.*, 122 So. 3d 140, 143 (Miss. Ct. App. 2013) (cleaned up). "The plaintiff must present specific proof as to the actual relevant length of time." *Jacox v. Circus Circus Miss., Inc.*, 908 So. 2d 181, 185 (Miss. Ct. App. 2005).

Walmart argues Scott is unable to prove it had constructive knowledge that the rod was out of place because Scott "cannot offer any evidence … to establish how long the metal rod was on the floor prior to [her] incident;" she "has no other evidence … to estimate the length of time the metal rod was on the floor;" and "[t]he only possible evidence [Scott] may have of a time period … would be inadmissible speculation." Doc. #31 at 10. Citing *Elston*, Scott responds that constructive knowledge can be established by Champion's "what is this doing there?" statement because Champion's "surprise to see the [rod] located in such a place … speaks to whether [Walmart] should have known about this condition." Doc. #35 at 7. Walmart replies, without citation to the summary judgment record, that Scott's deposition "serves as admissions [sic] [she] cannot establish the necessary elements of her claim;" and reiterates its argument that there is no evidence regarding how long the rod was on the floor prior to Scott's fall. Doc. #37 at 2.

Scott's citation of *Elston* does not aid her argument. *Elston* expressly held that the constructive knowledge theory requires proof of the dangerous condition's presence for a sufficient period of time. 908 So. 2d at 774. And under *Elston*, while a plaintiff need not make an exact determination, she must produce "more than a scintilla of evidence" showing the duration of the dangerous condition's presence. *Id.* at 775. Because Scott does not identify any evidence regarding the length of time the rod was on the floor prior to her fall, she fails to establish a genuine

8

issue as to whether Walmart had constructive knowledge of the rod's placement. *Rogers v. Wal-Mart Stores, Inc.*, 366 F. App'x 526, 528 (5th Cir. 2010) (no constructive knowledge where plaintiff "produced no evidence … showing that the water was on the floor for such a length of time that Wal-Mart should have known of it").

### C.  Summary

Because Scott's premises liability claim fails under the negligent act theory and the constructive knowledge theory, and because Scott does not argue actual knowledge in defending against summary judgment, Walmart will be granted summary judgment on Scott's premises liability claim.

## V
## Conclusion

Walmart's motion for summary judgment on Scott's premises liability claim [30] is **GRANTED**.

**SO ORDERED**, this 22nd day of April, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**